**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **DENNIS DERRICOTT SR.,** | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-14-1996 |
| **CAROLYN W. COLVIN** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff, acting *pro se*, filed this tort action in state court against the Acting Commissioner of Social Security. Defendant has sought to substitute the United States as defendant under the Westfall Act and to dismiss this case for failure to exhaust administrative remedies under the Federal Tort Claims Act. Because the United States Attorney adequately has demonstrated that Defendant was acting in the scope of her employment and it is apparent that Plaintiff did not present his claim to the Social Security Administration before commencing a civil action, I grant the motions, substitute the United States as party defendant, and dismiss this case.

**I.  BACKGROUND**

For purposes of considering Defendant's motion to dismiss, this Court accepts the facts that Plaintiff alleged in his Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Dennis Derricott, Sr. filed this action in the District Court for Montgomery County on February 20, 2014. Compl., ECF No. 2. On the form provided by the district court,

Derricott named Acting Commissioner of Social Security Carolyn Colvin as the defendant and wrote "Social Security Disability office refuse my request to provide me with my examining reports," and purported to seek $4,500 in damages. *Id.* On June 20, 2015, Defendant removed to this Court pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), which provides,

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2); *see also* Notice of Removal, ECF No. 1.

That same day, Defendant filed a Motion to Substitute the United States as Defendant and Motion to Dismiss ("Def.'s Mot."), ECF No. 6, and a supporting Memorandum ("Def.'s Mem."), ECF No. 6-1. Defendant seeks to substitute the United States for Colvin under 28 U.S.C. § 2679(d)(2) and to dismiss this case under Fed. R. Civ. P. 12(b)(1) based on Derricott's failure to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. On November 6, 2014, Defendant filed a Supplement to Defendant's Motion to Dismiss ("Def.'s Supp."), ECF No. 12, advising the Court that Derricott had been provided with the records he sought. On December 2, 2014, several months after the deadline to do so, *see* Loc. R. 105.2(a), Derricott filed a response to the motion to dismiss ("Pl.'s Opp'n"), ECF No. 14. Plaintiff's Opposition appears to be identical to one filed in response to a motion to dismiss in another case he has filed against Colvin and Nora Koch, Regional Chief Counsel for the Social Security Administration ("SSA"). *See* Pl.'s Opp'n Exs. 1–5, ECF Nos. 14-1–5; *see also* Def.'s Respond to Mot. and J. for the Pl., *Derricott v. Koch*, No. DKC-14-3234 (D. Md. Dec. 8, 2014), ECF No. 2 (identical to Plaintiff's Opposition and attaching same exhibits). In his opposition, Derricott states that "[t]his case is about SSA discriminating against Mr. Derricott,

2

because of his disabilities" and that the case arises under the Americans with Disabilities Act, and characterizes the action he seeks to bring as a tort case. Pl.'s Opp'n ¶¶ 1–2, 5. Defendant has not filed a reply, and the time to do so has passed. Loc. R. 105.2(a). Having reviewed the filings, I find a hearing is not required. Loc. R. 105.6.

## II.     STANDARD OF REVIEW

A party may move to dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(1), which provides that a party may assert lack of subject matter jurisdiction by motion as a defense to a claim for relief. A Rule 12(b)(1) motion to dismiss may allege that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (same). If the defendant alleges as much, then "the Court may . . . consider matters beyond the allegations in the complaint." *Fontell*, 2010 WL 3086498, at *3. The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

3

Plaintiff is proceeding *pro se* and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

### III. DISCUSSION

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). Pursuant to the Westfall Act, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," any civil action in a state court immediately may be removed to a federal district court and the United States substituted as the party defendant. 28 U.S.C. § 2679(d)(2). "This certification of the Attorney General shall conclusively establish scope of office or employment for the purposes of removal." *Id.* Once the United States is substituted as a party, an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2672, is the sole remedy available to a plaintiff, "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b)(1).

Here, there is no question that Colvin is a federal employee; Derricott's complaint identifies her as "Carolyn W. Colvin, Social Security Administration." Compl. Although the United States Attorney (as the Attorney General's designee) has not provided a freestanding certification that Colvin was acting in the scope of her employment in allegedly refusing to provide Derricott's medical reports, *cf. Guitierrez de Martinez v. Lamagno*, 515 U.S. 417, 421 n.2 (1995) (quoting the United States Attorney's express certification), the Notice of Removal asserts that "at the time of the alleged [in]cident, the defendant was acting with the scope of her employee as an employee of the United States." Notice of Removal ¶ 6. Because the Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, and therefore the United States Attorney has "certifie[d]" that its contents have a good faith basis, I find that the Notice of Removal is sufficient certification for the purposes of the Westfall Act (although the more prudent course would have been for the United States Attorney to have filed a separate certification). Derricott has not disputed that Colvin was acting in the scope of her employment nor does it appear that he could do so in light of the fact that his complaint alleges tortious actions by the "Social Security Office" and not Colvin individually. Compl. *But cf. Lamagno*, 515 U.S. at 433 (certification is subject to judicial review particularly where it may have the effect of shielding both the employee and the United States from any liability). Accordingly, the United States will be substituted for Colvin as party defendant.

Although it is difficult to discern the precise contours of the claim that Derricott seeks to assert, he consistently has stated that he is seeking money damages against the United States in tort. *See* Compl. (alleging $4,500 in damages); Pl.'s Opp'n ¶ 5 (identifying his claim as one sounding in tort). In any event, it is not apparent that this case could resolve any other claims Derricott may have intended to assert. To the extent that Derricott's complaint could be read to

seek injunctive relief requiring the SSA to produce his medical records, any such claim now would be moot because the SSA has furnished Derricott with all of his medical records in its possession. Harrison Decl., Def.'s Supp. Ex. 1, ECF No. 12-1. And it does not appear that Derricott intended to challenge his denial of benefits by the SSA. Not only can no such claim be found on the face of his complaint, but it also appears that a case challenging Derricott's denial of benefits already is pending before Judge Chasanow in *Derricott v. Koch*, No. DKC-14-3234 (D. Md. filed Oct. 15, 2014). *See* Compl., *Derricott v. Koch*, No. DKC-14-3234 (D. Md. Oct. 15, 2014), ECF No. 2 (alleging that "as a disable[d] American I have a right to benefits under the ADA Title II"); Mem. of Law in Supp. of Mot. to Substitute the U.S. as a Def. and Mot. to Dismiss, *Derricott v. Koch*, No. DKC-14-3234 (D. Md. Nov. 21, 2014), ECF No. 14-1 (addressing possible "attempt to challenge the SSA's adjudication of [Derricott's] disability benefits claim"). It is not entirely clear on what basis Derricott could recover money damages based on the failure to provide him with his medical records, but it is clear that that is all he seeks in this action.

> However, the FTCA provides that:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Further, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such a claim accrues or unless action is begun within six months after" the agency mails notice of denial of the claim. 28 U.S.C. § 2401(b). The requirement that a plaintiff file an administrative claim

before proceeding with a civil tort action under the FTCA "'is jurisdictional and may not be waived.'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (quoting *Henderson v. United States*, 785 F.2d 121, 123 4th Cir. 1986)).

Although "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed," Fed. R. Civ. P. 9(c), Derricott has not even included a general allegation that he exhausted his administrative remedies under the FTCA. *See* Compl. Further, the SSA has conducted a search of its records and determined that "no administrative tort claim has been filed against SSA by Mr. Derricott." Davis Decl. ¶ 4, Def.'s Mem. Ex. 1, ECF No. 6-2; *see also Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 (evidence beyond pleadings may be considered on 12(b)(1) motion without converting to summary judgment). Derricott's "failure to file an administrative claim divests this Court of subject matter jurisdiction." *Logan v. United States*, 851 F. Supp. 704, 707 (D. Md. 1994). Accordingly, Derricott's complaint must be dismissed.

## IV.   CONCLUSION

For the aforementioned reasons, Defendant's Motion to Substitute the United States as Defendant and Motion to Dismiss will be GRANTED. Plaintiff Dennis Derricott, Sr.'s Complaint will be DISMISSED.

A separate order will issue.

Dated: <u>March 17, 2015</u>                                    <u>       /S/       </u>
                                                                      Paul W. Grimm
                                                                      United States District Judge

dsy